IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02889–WYD–KMT

ANDREW L. McCARGO,

    Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Delaware corporation,

    Defendant.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion to Modify Scheduling Order for Good Cause" [Doc. No. 42] filed May 24, 2010. Plaintiff, Andrew McCargo, seeks to modify the Scheduling Order [Doc. No. 22] to allow him to take up to twenty-five depositions rather than the previously allowed ten depositions.

Defendant Texas Roadhouse, Inc. ("TXRH") objects to the request for twenty-five depositions for the plaintiff. [See "Response Objecting to Plaintiff's Motion To Modify Scheduling Order for Good Cause", Doc. No. 51, 2010, filed June 4, 2010.]

Plaintiff has specifically set forth the potential deponents he seeks by name, where known, and by employment status and likely relevance to the issues in the case where the deponent's name has not yet been determined. Defendant's objection appears to largely be that its own initial disclosures pursuant to Fed. R. Civ. P. 26 set forth the names of persons it believed had knowledge relevant to the claims and/or defenses and that Plaintiff should have

made the request for additional depositions at the time of the scheduling conference.  The court does not consider this basis for objection to be well-founded; by its very title, a litigant is expected to "discover" new information during the discovery period.

The plaintiff has set forth good cause for taking additional depositions based on information acquired during the pendency of the litigation and after understanding TXRH's primary defenses, one of which is that the Plaintiff was the subject of an isolated incident involving poor judgment on the part of select employees who were thereafter terminated as a result.  Given this posture, the plaintiff is entitled to inquire about other incidents, other complaints involving alleged ongoing discrimination, other employees who allege discrimination at the same location at or near the same time frame, and whether any crossover supervisors or managers were involved in other allegations of discrimination.

Thererfore, it is

**ORDERED**

"Plaintiff's Motion to Modify Scheduling Order for Good Cause" [Doc. No. 42] is **GRANTED**.  The Scheduling Order [Doc. No. 22] is hereby amended to reflect the Plaintiff will be allowed to take a total of twenty-five depositions.

Dated this 9th day of June, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge