IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02889–WYD–KMT

ANDREW L. McCARGO,

    Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Delaware corporation,

    Defendant.

# ORDER

This matter is before the court on Plaintiff's "Unopposed Motion to Amend Complaint" (Doc. No. 57, filed June 25, 2010 [hereinafter "Mot. to Amend Compl."]) and Plaintiff's "Unopposed Motion to Modify Scheduling Order for Good Cause" (Doc. No. 58, filed June 25, 2010 [hereinafter "Mot. to Modify Scheduling Order"]). In his Motion to Modify Scheduling Order, Plaintiff seeks to modify the Scheduling Order (Doc. No. 22, entered Mar. 1, 2010) to extend the deadline for amending the pleadings to July 1, 2010. Thereafter, assuming the Scheduling Order has been so modified, Plaintiff's Motion to Amend Complaint seeks to amend his Complaint (Doc. No. 1) to add a claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Defendant does not oppose any of the requested relief.

As a threshold matter, the court notes that because the deadline for modifying the pleadings was set by this court at May 3, 2010 (*see* Scheduling Order at ¶ 9a.), Plaintiff's Motion

to Amend Complaint is untimely. Thus, Plaintiff is correct that modifying the Scheduling Order is a necessary prerequisite for amending his Complaint. The court therefore applies the following analysis to decide whether to grant Plaintiff's respective Motions:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal quotation marks and citations omitted).

The second step is consideration of whether Plaintiff has satisfied the standard for amending his Complaint. A court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Turning to the first step of the inquiry, the court finds that Plaintiff has demonstrated good cause for modifying the Scheduling Order. Here, Plaintiff would have faced dismissal of his Title VII claim for failure to exhaust administrative remedies if it was brought before the Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue letter. *Simms v. Oklahoma ex. rel Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999). Because Plaintiff did not receive his right-to-sue letter until June 17, 2010—over a month after the deadline for amending the pleadings had passed—the court finds that even Plaintiff's most diligent efforts would not have resulted in compliance with the Scheduling Order's deadline. Accordingly, the court finds that Plaintiff has set forth good cause for modifying the Scheduling Order.

Turning then to the second step of the inquiry, the court finds that Plaintiff should be permitted to amend his Complaint to add his Title VII claim. This case is in the early stages of litigation. Moreover, upon review of Plaintiff's Motion to Amend Complaint and the proposed Amended Complaint, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

Plaintiff's "Unopposed Motion to Modify Scheduling Order for Good Cause" (Doc. No. 58) is GRANTED. The deadline for amending the pleadings and joinder of parties is extended to July 1, 2010.

Plaintiff's "Unopposed Motion to Amend Complaint" (Doc. No. 57) is GRANTED. The Clerk of Court is directed to file Plaintiff's "Amended Complaint." (Doc. No. 57–1.)

Dated this 28th day of June, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge