IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02889–WYD–KMT

ANDREW L. McCARGO,

    Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Delaware corporation,

    Defendant.

## ORDER

This matter is before the court on Plaintiff Andrew L. McCargo's request for attorney's fees and costs following this Court's Order of October 14, 2010 pursuant to Fed. R. Civ. P. 37(a)(5)(A). [Doc. No. 112.] Plaintiff's attorney Donna Dell'Olio has submitted an affidavit regarding incurred attorney's fees and costs in connection with making and defending her Motion to Compel [Doc. No. 114, ("Atty. Aff.")] to which the Defendant has objected [Doc. No. 119] and the plaintiff has replied [Doc. No. 123].

At the hearing on October 14, 2010, the court granted the plaintiff's Motion to Compel certain discoverable information and found an award of attorney's fees and costs in making the motion to be just and proper pursuant to Fed. R. Civ. P. 37(a)(5)(A).[1] The Rule makes an award

---

[1] Fed. R. Civ. P. 37(a)(5)(A) provides, in part, "If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

of attorneys' fees mandatory when a party successfully challenges the opposition's failure to comply with discovery requests and although Rule 37(a)(5)(A)(I)-(iii) contains exceptions which dilute the mandatory nature of the award, none of the exceptions was found applicable by this court.

Plaintiff seeks reimbursement of $9,090.00 in fees, including time expended drafting the affidavit supporting the fee request, plus an additional $375.00 for preparation of the reply to the objection to her fee request and $68.00 in costs incurred to attend the hearing. (Atty. Aff. at 3; Reply at 4.) Plaintiff has broken down the attorney time into time associated with her own work at $300.00 per hour (20.15 hours plus 1.25 hour for Reply) and time spent by her associate, Bradley S. Sherman at $150.00 per hour (20.3 hours).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on [making the motion] multiplied by a reasonable hourly rate." *Henley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir.1983). This figure is the lodestar amount.

In determining whether counsel spent a reasonable number of hours on a matter, the court must consider several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently

---

motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Board of County Com'rs of Boulder County*, Case No. 06-cv-00554-REB, 2010 WL 3703224, *2 -3 (D. Colo., September 13, 2010). The Tenth Circuit has held, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1256 (10th Cir.1998).

Defendants do not argue, and I do not find, that the hourly rates charged by Ms. Dell'Olio and Mr. Sherman are unreasonable given each attorney's experience and longevity in the field. However, I find the expenditure of 41.7 hours to prepare and compile a motion to compel to be excessive. A close examination of the billing records shows a significant expenditure of time by the senior attorney spent on review of and re-writing the original motion and on re-checking the facts and attachments. The issues in the motion were not complex and should have been easily digested and the motion compiled by the more junior attorney within a reasonable amount of time. Therefore, I find all of Mr. Sherman's time attributable to the drafting of the motion (14.4 hours) and attendance at the hearing (2.0 hours) as well as in drafting the Reply to the Motion to Compel (5.9 hours) to be reasonable . I will reduce the fees for Ms. Dell'Olio's review of Mr. Sherman's drafts and her own editing, however, to 5 hours but will allow all the requested time for her attendance at the hearing (3.5 hours total with 1.5 of those hours billed at $150.00/hour). Further, I find the claim for 1.91 hours of Ms. Dell'Olio's

time to draft and file the Affidavit for Fees to be reasonable but will disallow the time requested to Reply to Defendant's objection. Therefore, the award for fees and costs shall be $6,243.00 in fees plus mileage and parking fees totaling $68.00 for a total award of $6,311.00.

It is therefore **ORDERED** that reasonable attorney's fees and costs in the total amount of $6,311.00 are awarded to the plaintiff and against the defendant, Texas Roadhouse, Inc. and the defendant's counsel, the law firm of Senter Goldfarb & Rice, L.L.C.

Remittance of the fee and costs award of $6,311.00 shall be tendered to the plaintiff and his counsel on or before January 1, 2011.

Dated this 10th day of December, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge